UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK H. MORRIS,

    Plaintiff,

Case No.
Hon:

v

MICHIGAN STATE POLICE, an agency
of the State of Michigan,

    Defendant.

James K. Fett (P39461)
Fett & Fields, P.C.
407 N. Main St., 2nd Floor
Ann Arbor, MI  48104
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorneys for Plaintiff

# PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, through counsel, states the following claims against Defendant:

## NATURE OF CLAIM

1. This is a Title VII action brought for promotional race discrimination and retaliation because Defendant denied Plaintiff, an Inspector, promotion to Captain and instead double-promoted an unqualified Black male Lieutenant.

## JURISDICTION AND PARTIES

2. Plaintiff has obtained a right to letter from the EEOC.

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331.

4. Col. James F. Grady, II, is the Director of the Michigan State Police, which has its headquarters in Eaton County, Michigan.

5. Grady believes the Michigan State Police ("MSP") Diversity, Equity and Inclusion ("DEI") program is a license to violate state and federal law and a vehicle for reparations.

6. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

7. Plaintiff Patrick H. Morris is a White male Inspector in the MSP, and a resident of Shiawassee County, Michigan.

8. Defendant is sued for money damages and an order requiring him to promote Plaintiff to the rank of Captain in the MSP Commercial Vehicle Enforcement Division ("CVED").

## FACTS

### *Plaintiff's Exemplary Record*

9. For the past twenty-nine years, Plaintiff has been an Officer, Supervisor, District Commander, and Assistant Division Commander, all exclusively within the CVED.

10. He currently holds the rank of Inspector.

11. For the past 11 years, he has directly overseen state-wide field operations and a staff of eight lieutenants, twenty-five sergeants, ten investigators and 106 officers.

12. As an Assistant Division Commander Inspector, his duties include:

   a. Developing district specific goals and objectives to address identified traffic safety issues, including the deployment of resources;

   b. Making decisions regarding division budgeting, the administration of subprograms, and state and federal grants; and

   c. Ensuring federal and state grant objectives are accomplished within each district.

13. Plaintiff's credentials are set forth in his resume attached as **Exhibit A.**

14. Plaintiff also has a spotless disciplinary record and has received accolades for his sterling performance.

### *Plaintiff Serves as Acting Division Commander*

15. On March 1, 2024, Plaintiff became the acting Captain and Division Commander of CVED.

16. He served in this role in exemplary fashion for nearly eight months.

17. Not filling a position for nearly eight months is extremely unusual, and throughout this time, Plaintiff consistently inquired as to when the MSP would fill the permanent Division Commander position.

18. Plaintiff's inquiries were ignored.

19. On information and belief, Defendant was holding the CVED captain position open for a Black candidate, a Black male lieutenant.

### *Successful Candidate's Spotty Record*

20. The Black male lieutenant is vastly unqualified for the position of Division Commander of the CVED Department.

21. He has no experience in commercial enforcement.

22. He has a disciplinary record, including discipline for homophobic rants while leading a meeting for members at his post, lying about it to Internal Affairs, and intimidating lower ranking officers.

23. Indeed, the lieutenant was not even qualified for the District Inspector position in his own District, a position he was recently denied.

24. The disparity in qualifications between Plaintiff and the lieutenant is "so apparent as to virtually jump off the page and slap you in the face." See *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456 (2006).

### *Race over Merit*

25. Defendant's unique view of DEI was on full display in the promotional process at issue.

26. In November of 2024, Defendant finally held interviews for the CVED Division Commander Captain position.

27. Plaintiff and the Black male lieutenant were interviewed for the position.

28. The interview panel consisted of Grady, Lt. Col. Aimee Brimacombe, and Lt. Col. Dave Sosinski.

29. Unfortunately, Plaintiff's interview was a farce.

30. Defendant arrived fifteen minutes late, was inattentive, and took few, if any, notes.

31. One of Defendant's few questions inquired as to Plaintiff's thoughts on DEI.

32. Unfortunately for Plaintiff, he does not share Defendant's radical view of DEI.

33. Plaintiff indicated that he believes in "diversity," but that it must occur organically, and all employment decisions must be based on merit.

34. Defendant does not tolerate views of diversity which differ from his own and has made this clear to members of the MSP.

35. On November 6, 2024, the MSP informed Plaintiff that the Black male lieutenant was selected for the position.

36. The promotion meant that the lieutenant bypassed the Inspector rank (Plaintiff's rank) to become Division Commander (Captain) of a division he knew nothing about.

37. Plaintiff was, by all accounts, the most qualified candidate in all of the MSP for the position.

38. Defendant denied Plaintiff this promotion because of his race.

39. The Black male lieutenant has no substantive knowledge of commercial vehicle enforcement and as a result, Plaintiff must mentor him to perform the CVED Captain position.

## COUNT I
## RACE DISCRIMINATION
### Title VII

40. Plaintiff incorporates by reference the preceding paragraphs.

41. Plaintiff is a white male.

42. At all times Plaintiff was a high performing employee.

43. Defendant denied Plaintiff a promotion based on his race in violation of Title VII of the Civil Rights of 1968.

44. As a proximate result of Defendant's unlawful conduct against Plaintiff as described above, Plaintiff suffers injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees;

    d. Punitive damages against Defendant;

    e. Promotion to the rank of Captain and an injunction against Defendant's illegal racial practices;

    f. A declaration that Defendant's actions violate federal constitutions and statutes; and

    g. Such other equitable relief as the Court deems just.

### COUNT II
### RETALIATION

45. Plaintiff incorporates by reference each of the preceding paragraphs.

46. Plaintiff engaged in protected activity under Title VII by opposing Defendant's unique view and application of the MSP's DEI program.

47. Defendant denied Plaintiff promotion to Captain because he opposed Defendant's view and application of DEI.

48. Defendant's denial of promotion on this basis violates Title VII.

49. As a proximate result of Defendant's illegal conduct, Plaintiff suffers emotional distress, especially outrage, lost opportunities, loss of reputation, embarrassment and the physical manifestations of these injuries, as well as economic damages.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees;

    d. Punitive damages against Defendant;

    e. Promotion to the rank of Captain and an injunction against Defendant's illegal racial practices;

    f. A declaration that Defendant's official capacity conduct as described above violates the state and federal constitutions and statutes; and

    g. Such other equitable relief as the Court deems just.

Respectfully submitted,

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com

Dated: April 11, 2025    Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, through counsel Fett & Fields, P.C., demands trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ James K. Fett*
By: James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com

Dated: April 11, 2025    Attorneys for Plaintiff